IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---------------------------------------------------

JOHN DEERE CONSTRUCTION &
FORESTRY CO.,

Plaintiff
Counter-Defendant,

-vs-

MAHNEN MACHINERY, INC.,

Defendants
Counter-Plaintiffs.

---------------------------------------------------

:   CASE NO.  1:01CV2757
:
:
:
:
:   MEMORANDUM OF OPINION AND
:   ORDER ACCEPTING THE REPORT
:   AND RECOMMENDATION OF
:   MAGISTRATE JUDGE BAUGHMAN
:   AND GRANTING PLAINTIFF'S
:   MOTION TO DISMISS COUNTS ONE,
:   TWO, FOUR THROUGH SEVEN AND
:   NINE THROUGH TWELVE OF THE
:   DEFENDANT'S COUNTER-CLAIM
:
:

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Plaintiff, John Deer Construction & Forestry Company ("John Deere") filed its

Complaint in this action on 5 December 2001, alleging breach of contract and seeking a

declaration that three dealer agreements with defendant, Mahnen Machinery, Inc.

("Mahnen") had been terminated.  (Docket No. 1).  Mahnen answered, filing counter-

claims against John Deere seeking redress for alleged unfair trade practices, tortious

interference with business relations, promissory estoppel, breach of covenants of good

faith and fair dealing, fraud, negligent misrepresentation, and unjust enrichment.

(Docket No. 9).

This case is currently before the Court on John Deere's motion to dismiss Mahnen's counter-claim or for more definite statement. (Docket No. 11). Mahnen filed its opposition to John Deere's motion to dismiss (Docket No. 15), and John Deere replied. (Docket No. 17). On 30 April 2002, the Court referred John Deere's motion to dismiss, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1, to Magistrate Judge William H. Baughman, Jr. for a Report and Recommendation ("R&R"). (Docket No. 19). Magistrate Judge Baughman heard oral argument on 16 August 2002 and permitted supplemental briefing. (Docket No. 23). John Deere and Mahnen each filed supplemental briefs on 21 August 2002. (Docket Nos. 24 & 25).

On 21 August 2004, Magistrate Judge Baughman issued an R&R recommending that John Deere's motion be granted as to seven of Mahnen's counter-claims, denied as to two of Mahnen's counter-claims, and granted in part as to a final counter-claim. Specifically, Magistrate Judge Baughman recommended disposition of each claim as follows:

Dismiss count one (breach of contract);

Dismiss count two (violation of Ohio Revised Code § 1353.06)

Permit count three (tortious interference with business relations);

Dismiss count four (unfair competition);

Permit count five (promissory estoppel);

Dismiss count six (breach of fiduciary duty);

Dismiss count seven (breach of covenants of good faith and fair dealing);

Dismiss count eight in part (fraud);

Dismiss count nine (negligent misrepresentation);

2

Dismiss count ten (unjust enrichment); and

Dismiss counts eleven and twelve which seek declaratory and injunctive relief respectively.

(Docket No. 27). John Deere filed timely objections to Magistrate Judge Baughman's R&R arguing that it was error to deny John Deere's motion to dismiss regarding counts five and eight of Mahnen's counter-claim. (Docket No. 31). John Deere did not object to Magistrate Judge Baughman's recommended disposition of count three. (Id.) Having been denied a fourth extension of time, Mahnen did not file responses to John Deere's objections. (Docket No. 33 and Order, dated 16 July 2004).

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* the portion of the Magistrate Judge's report and recommendation to which specific objection was made. Upon review, this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). After a *de novo* review of the record, and for the reasons discussed below, this Court accepts Magistrate Judge Baughman's Report and Recommendation.

## FACTUAL BACKGROUND

The Court accepts as true the following facts alleged in Mahnen's counter-claim and admitted in Mahnen's answer. (Docket No. 9).

The Court has jurisdiction to hear this diversity claim, pursuant to 28 U.S.C. § 1332. (Docket No. 9, at ¶4). John Deere is a Delaware corporation engaged in the business of manufacturing various equipment for use in the agricultural, construction,

3

forestry and lawn and turf care industries.  (Docket No. 1, at ¶¶2 & 6).  Mahnen is an Ohio corporation engaged in the business of promoting and selling new and used construction, industrial, forestry, and other equipment, and in servicing the customers of such equipment.  (Docket No. 9, at ¶¶3 & 8).

Starting in 1984, when Mahnen was managed by John Mahnen (the founder and principal owner of Mahnen), Mahnen "became a dealer of various lines of John Deere brand equipment." (Docket No. 9, at 10).  Between February 28, 1994 and September 20, 2001, Mahnen entered into at least nine written dealer agreements with John Deere and its related entities.  (Id. at 10-11).  Three of the dealer agreements for construction, forestry and utility equipment respectively were executed on 22 July 1993  (the "Dealer Agreements").  (Id. at ¶¶8-9, p.11 and Exhibits F, G & H).  The Dealer Agreements "constitute enforceable contracts between the parties."  (Id. at ¶41).

In November of 2001, Mahnen informed John Deere that John Mahnen (the signatory to the Dealer Agreements) had passed away.  (Docket No. 9, at ¶17).  John Deere then sent Mahnen a "notice of termination letter" which Mahnen received on or about November 28, 2001.  (Docket No. 9, at ¶18; Docket No. 1, Exhibit E).  In correspondence dated November 29, 2001, Mahnen informed John Deere that its notice of termination was unacceptable.  A second notice of termination followed which Mahnen alleges set forth "pretextual, fraudulent and inapplicable reasons for [John Deere's] attempted termination of the Dealer Agreements." (Docket No. 9, at ¶49). This litigation was then commenced by John Deere.

4

## ANALYSIS

In its motion to dismiss, John Deere asserts that it is entitled to judgment as a matter of law on all twelve counts of Mahnen's counter-claim.  In resolving whether John Deere is correct, this Court relates the Magistrate Judge's conclusions, identifies John Deere's objections, and conducts a <u>de novo</u> review on the law that touches and concerns John Deere's objections.

**A.  Motion to Dismiss Standard**

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Fed.R.Civ.P. 12(b)(6).  In assessing the sufficiency of a complaint, courts must follow "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  This accords with the purpose of Rule 12(b)(6), which the Sixth Circuit has explained "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."  <u>Mayer v. Mylod</u>, 988 F.2d 635, 638 (6th Cir. 1993).  Allegations of fraud are assessed under the more stringent standard of Rule 9(b).  A party alleging fraud must specify "the time, place, and content of the misrepresentation . . .,  the fraudulent scheme, the fraudulent intent of the defendant and the injury resulting from the fraud.  <u>Coffey v. Foamex L.P.</u>, 2 F.3d 157, 161-62 (6th Cir. 1993).

**B.**     **John Deere's Objections to the Magistrate Judge's Report.**

    **(i) Objection:**    **Count Five of Mahnen's Counter-Claim
Alleging Breach of Promise Should Be Dismissed.**

In response to the Magistrate Judge's R&R, John Deere first objects that the recommendation to deny John Deere's motion to dismiss count five of the counter-claim was inconsistent with Magistrate Judge Baughman's proper finding that the Dealer Agreements were terminable at will.  (Docket No. 31, at 5).  In support of this argument, and the contention that "Ohio law does not recognize a claim for promissory estoppel that contradicts the express terms" of a valid contract, John Deere relies upon Godfredson v. Hess & Clark, Inc., 173 F.3d 365, 377 (6th Cir. 1999), Cloverdale Equipment Co. v. Simon Aeriels, Inc., 869 F.2d 934, 940 (6th Cir. 1989) and Allen v. Ford Motor Co., 8 F.Supp.2d 702, 707 (N.D. Oh. 1998), aff'd, 188 F.3d 506 (6th Cir. 1999).

In its initial motion to dismiss, John Deere did not bring the foregoing law to Magistrate Judge Baughman's attention.  Instead, John Deere analyzed each of the "promises" specified in Mahnen's counter-claim and argued that they either did not relate to the  Dealer Agreements or were "patently false."  (Docket No. 11, at 10-12). Magistrate Judge Baughman properly rejected these arguments as irrelevant to the inquiry of whether Mahnen had satisfied notice pleading requirements under the Federal Rules of Civil Procedure.  (Docket No. 27, at 16) ("Mahnen should not be penalized at this state of the proceedings for going beyond the minimum required.") Magistrate Judge Baughman's analysis was correct.  Further, the cases cited by John Deere in their opposition brief do not require a different result because Godfredson,

6

<u>Cloverdale</u> and <u>Allen</u> were all decided at the summary judgment stage – not on a motion to dismiss.

**(ii) Objection:**      **Mahnen's Counter-Claim Alleging Fraud Should Be Dismissed in its Entirety.**

John Deere's second objection is to Magistrate Judge Baughman's recommendation that Mahnen's "fraud claim, as set forth in Paragraph 30 of the counter-claim, be allowed to proceed." (Docket No. 31, at 9). John Deere's argument is "very similar" to that made regarding Mahnen's promissory estoppel claim – that the allegations of Mahnen's fraud claim demonstrate, as a matter of law, that any reliance upon the alleged fraudulent statements were unreasonable in light of the terms of the Dealer Agreements. (Docket No. 31, at 9-10). While fraud claims are subject to a more stringent pleading standard, that standard applies to the facts surrounding the fraudulent statement – not the reasonableness of the complaining party's reliance on such statements. <u>See</u> Fed.R.Civ.P. 9(b). This distinction is evident in that John Deere again failed to cite a case applying either Rule 9(b) or Rule 12(b)(6) to support its proposition. Instead, the cases cited in John Deere's opposition involve findings of unreasonable reliance at summary judgment or <u>after</u> <u>trial</u>. (Docket No. 31, at 8-10) (citing <u>Williams v. Aetna Fin. Co.</u>, 83 Ohio St. 3d 464, 475 (1998) and <u>Claysburg II Towers v. Benchmark Claysburg</u>, 953 F.Supp. 861, 865-66 (N.D. Ohio 1996)).

Magistrate Judge Baughman's recommendation that Mahnen's fraud claim be permitted to proceed based upon the single allegedly fraudulent statement recited in paragraph thirty of the counter-claim was not in error. This Court does not find that a more definite statement is required. The information set forth in paragraph thirty

7

satisfies the heightened pleading requirement of Rule 9(b);  thus, further development of the facts surrounding Mahnen's fraud claim should be sought in discovery.

## CONCLUSION

For the reasons set forth above, Magistrate Judge Baughman's R&R is adopted. The plaintiff's motion to dismiss defendant's counter-claim (Docket No. 11) is granted in part and denied in part.

The plaintiff's motion to dismiss is denied as to counts three and five of the defendant's counter-claim.

The plaintiff's motion to dismiss is granted as to counts one, two, four, six, seven, and nine through twelve of the defendant's counter-claim.

The plaintiff's motion to dismiss defendant's fraud claim (count eight) is denied as to the averments in paragraph thirty, but is otherwise granted.

Plaintiff's claims for breach of contract and declaratory judgment and the three remaining counts of defendant's counter-claim remain to be resolved.  Thus, this Court will issue a contemporaneous order scheduling a case management conference in this matter.


IT IS SO ORDERED.


_____s/ Lesley Wells_____
UNITED STATES DISTRICT JUDGE

*9-29-05*

8